[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 23, 2010
JOHN LEY
CLERK

No. 10-10618
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-00002-SPM-AK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICAH C. PEACOCK,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

(November 23, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Micah C. Peacock appeals his conviction for possession of child pornography, 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and his sentence of imprisonment for 150 months for that crime and for receiving or distributing child pornography, id. §§ 2252A(a)(2)(A), (b)(1). Peacock argues that the district court erred by denying his motion to dismiss his conviction for possessing child pornography and in calculating his sentence based on a finding that Peacock distributed the pornographic material. We affirm.

The evidence at trial established that Peacock downloaded to and distributed from his computer files containing images and videos of child pornography by using LimeWire, which is a software program that allows its users to share files. When a user installs LimeWire, his user agreement discloses that all files downloaded to that computer will be shared automatically. After installation, LimeWire includes in its directory and makes accessible to its users all files on computers connected to the network, unless a user changes the default setting or restricts access to a specific file.

April Joyner, a detective in the Alachua County Sheriff's Office, discovered Peacock's files while searching Limewire for users who were sharing files containing child pornography. Detective Joyner observed that Peacock had available ten files of child pornography, and she downloaded three of those files.

The detective later obtained a warrant to search Peacock's apartment. During the search, an officer discovered on Peacock's computer several videos of child pornography and seized the hard drive.

Detective Charles Snipes examined Peacock's hard drive and discovered the three files that had been downloaded by Detective Joyner, as well as the seven other files available from Peacock on LimeWire. A further examination revealed that Peacock had downloaded 65 images and 28 videos containing child pornography between July and December 2008 that were available to any user of LimeWire. Date stamps on the files established that Peacock downloaded to his computer 36 images and 10 videos of child pornography between July and October 22, 2008, and Peacock downloaded an additional 29 images and 18 videos of child pornography between October 23 and December 4, 2008. Through LimeWire, Peacock made available "100 percent of his bandwidth to user uploads," but he restricted access to all but "a handful" of his MP3 music files.

At trial, the government introduced testimony of Detectives Joyner and Snipes about LimeWire and their investigation and testimony of Peacock's two roommates about his penchant for pornography. Peacock testified that he had closed any images he received of young girls while searching for adult pornography, and he intimated that his roommates had downloaded the child

pornography onto his computer while he had been at work. A jury found Peacock guilty of receiving or distributing child pornography between October 23 and December 4, 2008, and of possessing child pornography on December 4, 2008.

Peacock moved to dismiss his conviction for possession. Peacock argued that his convictions for distribution and possession violated the Double Jeopardy Clause. The district court denied Peacock's motion based on our decision in United States v. Bobb, 577 F.3d 1366, 1375 (11th Cir. 2009), in which we held that the defendant could be sentenced to multiple punishments for receiving and possessing different images of child pornography on different dates. The district court found that "[s]ufficient evidence was presented for the Jury to find that [Peacock] had committed two separate offenses on two distinct dates."

The presentence investigation report listed a base offense level of 22, U.S. Sentencing Guidelines Manual § 2G2.2(b)(3)(F) (2008), and increased that level by 17 points. The report recommended a two-level enhancement because Peacock's offense involved the distribution of child pornography, id. § 2G2.2(b)(3)(F). The report stated that Peacock faced maximum statutory sentences of 240 months for distributing child pornography and 120 months for possessing the illegal material.

Peacock objected to the presentence report on two related grounds. First, Peacock objected to the two-level enhancement of his sentence for distributing child pornography. Id. § 2G2.2(b)(3)(F). Peacock argued that he did not distribute child pornography because the illegal materials were shared automatically and he "[might] not have even known of it." Second, Peacock objected to the failure to reduce his offense level by two levels. Peacock argued that his "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor" and he "did not intend to traffic in, or distribute, such material," id. § 2G2.2. The district court overruled Peacock's objections.

Peacock argues that his conviction for possession of child pornography was based on the same misconduct as his convictions for distribution of child pornography, but we disagree. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). Peacock was convicted of possessing and receiving or distributing different images and videos of child pornography on different dates. See Bobb, 577 F.3d at 1375. The district court did not err by denying Peacock's motion to dismiss.

Peacock also argues that the district court erred in its application of section 2G2.2 based on its finding that Peacock distributed child pornography, but again we disagree. If a defendant distributes child pornography, he is subject to a two-level enhancement, U.S.S.G. § 2G2.2(b)(3)(F), and, unless the defendant proves he did not intend to distribute the material, he is ineligible for a two-level reduction of his base offense level, id. § 2G2.2(b)(1). A defendant is guilty of distribution whether he possesses for publication or actually publishes child pornography:

> "Distribution" means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing . . . .

Id. § 2G2.2 cmt. n.1.

The district court was entitled to find that Peacock distributed child pornography and that he failed to prove he lacked the intent to distribute that material. The record establishes that Peacock downloaded to his computer images and videos of child pornography that he made fully accessible for other users of LimeWire and some of those materials were transferred on at least one occasion. Peacock argues that he did not "take[] any positive step to distribute any images," but Peacock understood that his files would be shared and he restricted access to

some of his files, but not those files containing child pornography. The district court did not err in applying section 2G2.2.

We **AFFIRM** Peacock's convictions and sentences.